**PACIFIC EMPLOYERS INSURANCE COMPANY, Appellant,**

v.

**Roosevelt SOLOMON, Appellee.**

**No. 8129.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 21, 1972.

Rehearing Denied Dec. 12, 1972.

John M. Smith, Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellant.

Winford L. Dunn, Jr., Smith, Stroud, McClerkin & Conway, Texarkana, Ark., for appellee.

RAY, Justice.

This is a Workmen's Compensation case. Roosevelt Solomon, appellee (plaintiff), brought suit against Pacific Employers Insurance Company, appellant (defendant), claiming total and permanent disability. Solomon contended that he suffered a heart attack while working for W. S. Dickey Clay Manufacturing Company of Texarkana, Texas. Trial was had in the District Court of Bowie County, and the jury found all issues in favor of appellee Solomon. The trial court entered judgment for Solomon, and the insurance carrier timely filed its appeal to this court, urging six points of error.

Appellee testified that in addition to his regular non-strenuous job, he was occasionally required to do general cleanup work and stack or rack clay pipe. After the lunch hour on February 25, 1971, appellee was engaged in the racking of 8-inch tile pipe, each of which weighs about 150 pounds. Appellee suddenly felt a pain across his chest as he lifted the first pipe. He testified that he helped carry about eight or ten more, and then had to quit because his chest was hurting so badly. Appellee finished the work day at 4:30 p. m., but felt so ill he had someone clock out for him. The pain continued through the night, and the next morning he went to see the company doctor who referred him to heart specialist Dr. C. Jack Smith. Solomon was immediately admitted to Wadley Hospital with a diagnosis of myocardial infarction.

Appellant contends that it was entitled to a directed verdict because there was no evidence which would establish that appellee received an accidental injury in the course and scope of his employment traceable to a definite time, place and cause. Further, appellant contends that the evidence was insufficient to support the judgment of the trial court and that such judgment was against the great weight and preponderance of the evidence. Appellant contends that the trial court erred in overruling its objections to the court's charge by point of error No. 5. However, appellant does not point out in its brief the grounds for such contentions, nor does it in any way brief that point. We therefore conclude that it has waived the point and same is here overruled.

The evidence establishes that appellee Solomon was fifty-five years of age at the time of his disabling heart attack and had a long history of high blood pressure. The company doctor, William B. Harrell, had treated appellee for high blood pressure since 1967. The record is not clear as to whether Dr. Harrell was acting in his capacity as the company doctor during all the time he treated Solomon. However, it was known at the plant that Solomon had been suffering for a number of years from dizzy spells and had to be occasionally relieved for short periods of time from his work to take his medicine and recover from his dizziness.

In considering appellant's "no evidence" points, it is the duty of this court to review the evidence in the light most favorable to appellee as to whether there was any evidence that would support the jury's verdict. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (Tex.Sup.1951). After gleaning the record in this case, we find there was testimony that appellee experienced a sharp chest pain while lifting heavy pipe for his employer on February 25, 1971; that the pain continued until the next day, at which time appellee's ailment was diagnosed as a heart attack. The heart specialist, Dr. Smith, testified as follows:

"I feel that strenuous activity was a contributing factor to this man's myocardial infarction."

Again the doctor testified:

"The primary factor that I feel contributed to this myocardial infarction was the exertion that this man subjected himself to, the lifting, the muscular activity. Exertion causes increased cardiac demand; it causes an increase for pumping action by the heart, more blood is needed to flow to muscles that are exerting, to carry oxygen and energy to these muscles. As the heart pumps harder and faster, it requires more oxygen, and oxygen lack is the cause of miocardial (sic) infarction."

The testimony was conflicting and some of Dr. Smith's own testimony conflicted with other parts of his statements. However, that was a matter for the jury to resolve, and they found the facts favorable to appellee.

■ The real question to be answered in this case is whether or not there was a compensable injury within the terms of the Workmen's Compensation Act. We think there was.

In Carter v. Travelers Ins. Co., 132 Tex. 228, 120 S.W.2d 581 (Tex.Sup.1938), the Texas Supreme Court concluded that, under facts very similar to those in the present case, the employee had sustained an accidental injury within the meaning of the Workmen's Compensation Act. There, Vera Carter worked as a maid at the Texas Hotel in Fort Worth. She had a history of high blood pressure and her duties required her to lift and handle articles weighing 75 or 80 pounds. She was also required to move heavy furniture, some of it weighing several hundred pounds. For about a week before Vera Carter quit her work, she had complained of severe pains in her head; these pains appeared after lifting heavy articles and moving heavy furniture; and, finally, during one of these spells Vera Carter was sent home, and from there to the hospital, where she died in about 30 days. The court stated:

"If this hemorrhage occurred while Vera was at work, and was brought on, produced, or caused by her having to lift and carry heavy loads, and move heavy furniture, we think accidental injury in the course of employment has been established. Southwestern Surety Ins. Co. v. Owens, Tex.Civ.App., 198 S.W. 662, writ refused; Georgia Casualty Co. v. Mixner, Tex.Civ.App., 289 S.W. 420, writ refused. It has been held that strain sustained by an employee in the course of his employment is generally regarded as an accidental injury. That being true, it certainly ought to be held that a ruptured blood vessel brought on, produced, or caused by heavy lifting or moving of heavy objects in the course of employment is an accidental injury."

■ We have concluded that appellee's employer knew of his physical condition and that the employer subjected appellee to the risk of a heart attack by requiring him to lift heavy pipe. The law does not require that each employee be a perfect specimen of health, and the fact that appellee was not a well person at the time of his injury does not defeat the liability arising under the Workmen's Compensation Act. Gill v. Trans-America Insurance Co., 417 S.W.2d 720 (Tex.Civ.App. Dallas 1967, no writ); Texas Employers' Insurance Association v. Galleges, 415 S.W.2d 708 (Tex. Civ.App. San Antonio 1967, no writ). The heart attack was a risk or hazard of appellee's employment because he was required to lift heavy pipe which in turn caused him to strain and exert himself, thus precipitating the injury, and therefore compensable under the Workmen's Compensation Act. Home Insurance Company v. Burkhalter, 473 S.W.2d 318 (Tex.Civ.App. Texarkana 1971, no writ); Aetna Insurance Co. v. Hart, 315 S.W.2d 169 (Tex.Civ.App. Houston 1st 1958, writ ref'd, n. r. e.); Carter v. Travelers Ins. Co., supra. See also Pan American Fire & Casualty Company v. Reed, 436 S.W.2d 561 (Tex.Civ.App. Amarillo 1968, writ ref'd, n. r. e.).

There was sufficient evidence presented by appellee to raise fact issues relative to whether or not his heart attack was a compensable injury under the Workmen's Compensation Act, Vernon's Ann.Tex. Rev.Civ.Stat. art. 8306, et seq. Appellant's points of error 1, 2, and 6 are overruled. We further conclude that the evidence was sufficient to sustain the jury verdict in favor of appellee and the judgment rendered by the trial court. We cannot say such findings were against the great weight and preponderance of the evidence so as to be clearly wrong or manifestly unjust. Appellant's points of error 3 and 4 are therefore overruled.

The judgment of the trial court is affirmed.