Louise MUELLER, widow of Carl Mueller, Deceased, Appellant,

v.

The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.

No. 867.

Court of Civil Appeals of Texas, Tyler.

Jan. 29, 1976.

Rehearing Denied Feb. 19, 1976.

124

Otto B. Mullinax, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellant.

C. L. Mike Schmidt, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

DUNAGAN, Justice.

This is a workmen's compensation heart attack case. Louise Mueller brought suit to recover for the death of her husband, Carl Mueller. She appeals from a take nothing verdict entered upon an adverse jury finding. We affirm the judgment of the trial court.

Carl Mueller suffered a fatal heart attack on August 6, 1973, approximately 30 min-

utes after reporting to work as a lathe operator. This job, which he had held for 11 years, required the grinding of rubber printing rolls of various sizes upon the lathe machine. The job involved some lifting and concentration and was tiring primarily because of the monotony. Mueller was seen operating his machine shortly before he was discovered unconscious on the floor. The autopsy revealed that Mueller was suffering from severe atherosclerosis with an 80% occlusion of the anterior descending coronary artery and areas of complete occlusion of the circumflex and posterior descending coronary arteries.

The jury, in response to two special issues, found that Carl Mueller had a heart attack on August 6, 1973, but failed to find that he had such heart attack in the course of his employment. The jury was instructed that "a heart attack is in the course of employment if it is produced or precipitated by an employee's work or the conditions of his employment. Otherwise a heart attack is not in the course of employment, even if it occurs on the job."

█ Appellant attacks the legal and factual sufficiency of the evidence to support the jury's answer to SPECIAL ISSUE NO. 2. In determining the legal sufficiency point, we consider only the evidence and inferences therefrom tending to support that answer. In passing upon the factual sufficiency point, we consider all of the evidence and the reasonable inferences. *Aetna Casualty & Surety Co. v. Scruggs,* 413 S.W.2d 416, 423 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

█ Appellant contends that a presumption of work activity as producing cause arose from the occurrence of the heart attack while Mueller was discharging his job. Causation is not generally presumed in heart attack cases. *See Bean v. Hardware Mutual Casualty Co.,* 349 S.W.2d 284, 290 (Tex.Civ.App.—Beaumont 1961, writ ref'd n. r. e.). If such a presumption did arise, however, it was rebutted by evidence to the contrary. *Scott v. Millers Mutual Fire Insurance Company of Texas,* 524 S.W.2d 285, 288 (Tex.1975). This evidence was the testimony of appellant's expert witness, Dr. Grollman, that the autopsy suggested that the pre-existing heart disease would probably have been the cause of death. However, the facts from which such a presumption arose remain in evidence and will support any inferences that may properly be drawn therefrom. *Scott v. Millers Mutual Fire Insurance Company of Texas,* supra.

Appellant relies upon two theories of causation in her attack on the legal and factual sufficiency of the evidence to support the jury's failure to find that the heart attack was produced or precipitated by work. She first argues that some work activity on August 6, 1973, over-reached Carl Mueller's diseased heart; she also contends that his death was caused by repetitious, physical, traumatic activities extending over a period of time and arising in the course of employment. We will discuss these theories in that order.

█ A heart attack caused by strain or exertion is an accidental injury within the meaning of the Workmen's Compensation Act. *Baird v. Texas Employers' Insurance Ass'n,* 495 S.W.2d 207, 211 (Tex.1973). A pre-existing condition such as diseased arteries will not preclude compensation. *O'Dell v. Home Indemnity Co.,* 449 S.W.2d 485, 487 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.). Since pre-existing heart disease is usually present in heart attack cases, it is important that the job related strain be the sole or contributing cause of the injury. *Symposium on Workmen's Compensation: A Pandect of the Texas Law,* 6 St. Mary's L.J. 608, 658. The question of causation in heart attack cases is usually close and the evidence is most often largely circumstantial or based on answers by medical witnesses to hypothetical questions. *Baird v. Texas Employers' Insurance Ass'n,* supra.

█ Here, the pertinent evidence was as follows: Carl Mueller, a 59-year old man,

reported to his job as a lathe operator on August 6, 1973; this job involved the manual movement of rubber rolls weighing from 10 to 50 pounds and the mental strain from the inspection of the grinding of these rolls; he had complained in the two previous weeks of some pain in his chest and of tiredness; he began work at 7:30 a. m. and was last seen alive sitting near his grinding machine; he was found on the floor and was taken to the hospital where he was pronounced dead at 8:47 a. m.; the autopsy revealed severe atherosclerosis. Dr. Grollman, in response to a hypothetical question assuming the aforementioned evidence, stated that in his opinion, based upon reasonable medical probability, Carl Mueller had suffered a heart attack which was precipitated by his employment activities on August 6, 1973.

The instant circumstances and Dr. Grollman's opinion called for a factual determination of whether Mueller's injury was produced or precipitated by his employment activities on August 6, 1973. *See Baird v. Texas Employers' Insurance Ass'n,* supra. The trier of fact, however, answered this question in the negative. In certain areas of workmen's compensation cases, where courts and juries share knowledge and experience with medical witnesses, the jury may determine causation without, or even in spite of, expert medical testimony. *Insurance Company of North America v. Kneten,* 440 S.W.2d 52, 55 (Tex.1969). In the

case at bar, appellee's medical expert's opinion was that Mueller's heart attack was *not* precipitated by his employment activities on August 6, 1973. We are unable to say that the jury's answer to SPECIAL ISSUE NO. 2 was against the great weight and preponderance of the evidence of this causation theory.

■■ The contention that Carl Mueller's heart attack was the result of repetitious, physical, traumatic activities extending over a period of time is based on the amendment of the Occupational Disease section [1] of the Workmen's Compensation Act. The last sentence of this section excludes from compensability those ordinary diseases of life to which the general public is exposed outside of the employment, unless such diseases follow as an incident to an occupational disease. This indicates a Legislative intent to require evidence of probative force of a causal connection between employment and occupational diseases. One scholar defines compensable oocupational diseases as those diseases which are indigenous to the claimant's work or present in an increased degree in that work as compared with employment generally. *See* Larson, *The Law of Workmen's Compensation,* sec. 41.00. The only attempt in this record to establish a causal connection between Mueller's heart attack and the cumulative strain of operating a lathe over an eleven year period occurred during the cross examination of Dr. Race.[2] This evi-

---

1. Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 20 (Supp.1975).

2. "Q. Now, then, Doctor, I want to move to another area. In your medical experience will the repeated stresses and strains of normal work activity on a job acting upon a diseased heart over a period of time cause the heart to become weaker or less strong maybe I should say?

"A. I don't think you can say that. People live under terrifically stressful conditions for a lifetime and live to be ninety-five and there are many others who have apparently easy life who die of a heart attack at thirty-five. * * *

* * * * * *

"Q. And the fact that strains are brought to that diseased heart muscle this does not

in any degree, as far as you are able to determine clinically or otherwise, increase or aggrevate the growth of this arteriosclerotic process; is that what you are saying?

"A. There is a great body of medical opinion that puts emphasis on the fact that chronic long-term stress such as an air traffic controller, in certain people who do hazardous occupation in fact does accelerate the rate in which they get arteriosclerosis, hardening of the arteries, and it may even in some instances, accelerate the possibility of high blood pressure and its consequent damaging effect over a period of a lifetime. The answer to that is yes.

* * * * * *

"Q. And I will ask you whether or not, in your opinion, one who works at a very com-

dence certainly did not establish that connection as a matter of law. We conclude that the jury's failure to find a causal connection between Mueller's heart attack and the cumulative strain of his work was not against the great weight and preponderance of the evidence.

In our opinion, the evidence is sufficient to support the jury's answer to SPECIAL ISSUE NO. 2 and such answer is not against the great weight and preponderance of the evidence. Appellant's points of error are overruled.

The trial court's judgment is affirmed.

plicated lathe handling—doing very minute calibrated work is—doesn't experience some character of mental stress over a long period of time like ten years so that you could say that the atherosclerotic process in his body was in some degree accelerated by his job by his work?

"A. I will answer that by saying there is no doubt he had atherosclerosis. There is no doubt that being alive he had some degree of stress since he couldn't drive his automobile without having some stress or he couldn't do a normal day's work without having some stress. So there is no doubt that he had stress. There is no doubt that he had hardening of the arteries and narrowing of the arteries. How much of this would relate one to the other I think is argumentative. It's unprovable.

"Q. You can't measure the quantity but you do know that over a long period?

"A. In general there is probably some relationship between long-term stress and degree of elevation of blood pressure and acceleration of atherosclerosis, yes."