Gallardo v. Hartford Acc & Indem 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-625-CV





REBECCA C. GALLARDO,



 APPELLANT


vs.





HARTFORD ACCIDENT AND INDEMNITY COMPANY,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 489064, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM



 In this workers' compensation case, claimant Rebecca Gallardo appeals a summary
judgment rendered in favor of Hartford Accident and Indemnity Company. Gallardo sought
compensation for an illness she allegedly contracted in June 1988 while employed by a temporary
services agency. Hartford is the employer's compensation carrier. After the Workers'
Compensation Commission denied her claim, Gallardo petitioned the district court for judicial
review. We will reverse the summary judgment the court rendered for Hartford and remand the
cause for trial.

 Through an assignment from the temporary services agency, Gallardo began
training with the Austin Diagnostic Clinic. Gallardo alleged that while she was training in the
clinic's Dialysis Unit, she became infected with Haemophilus influenzae bacteria, which caused
her to develop epiglottitis. (1) Gallardo alleged that the shunts and tubes used to dialyze patients are
common sites of infection and that the strain of bacteria that causes epiglottitis is often found in
these infection sites. Gallardo claimed that as part of her training she was required to practice
with dialysis equipment that had not been sterilized and that the unsterilized dialysis equipment
transmitted Haemophilus influenzae bacteria to her, resulting in epiglottitis.

 Hartford moved for summary judgment, offering three arguments in support of its
motion: (1) the evidence established as a matter of law the absence of a causal connection
between Gallardo's employment and her illness; (2) the disease Gallardo contracted is an ordinary
disease of life to which the general public is exposed outside of the employment; and (3) Gallardo
failed to establish a reasonable probability that her employment caused her illness. Without
specifying its reason, the trial court granted Hartford's summary-judgment motion. 

 In her first point of error, Gallardo argues that Hartford's summary-judgment
evidence failed to establish conclusively the absence of a causal connection between Gallardo's
employment and her illness. Considering this point with the arguments Hartford made in support
of the summary judgment, we determine that Hartford's first two arguments are identical. The
compensation statute in effect in June 1988, when Gallardo contracted epiglottitis, defined an
occupational disease or injury to be any disease arising out of and in the course of employment
that causes damage or harm to the physical structure of the body. Act of May 28, 1971, 62d
Leg., R.S., ch. 834, § 1, 1971 Tex. Gen. Laws 2539, 2539 (Tex. Rev. Civ. Stat. art 8306, § 20,
since amended). The statute excluded from compensation "ordinary diseases of life," unless they
follow as an incident to an occupational disease or injury. Id. "Ordinary diseases of life" are
those to which the general public is exposed outside of the employment. Id.; Schaefer v. Texas
Employers' Ins. Ass'n, 612 S.W.2d 199, 205 (Tex. 1981).

 For the purpose of determining workers' compensation coverage, former article
8306, section 20, effectively created two categories of disease or illness: occupational diseases
and ordinary diseases of life. Hernandez v. Texas Employers Ins. Ass'n, 783 S.W.2d 250, 251
(Tex. App.-- Corpus Christi 1989, no writ). The former are those diseases that are causally linked
to an employment, while the latter encompass all diseases that have no such causal connection. 
Id.; see Mueller v. Charter Oak Fire Ins. Co., 533 S.W.2d 123, 126 (Tex. Civ. App.--Tyler 1976,
writ ref'd n.r.e.). Even a rare disease is an ordinary disease of life if no causal connection exists
between the disease and one's work. Schaefer, 612 S.W.2d at 205. Because causation is the
characteristic that qualifies a disease as either occupational or ordinary, a determination whether
causation exists cannot be avoided by offering expert opinion testimony that an illness is an
"ordinary disease of life." Hernandez, 783 S.W.2d at 252. The test remains whether direct or
indirect evidence establishes a causal connection between disease and employment. Id.; Mueller,
533 S.W.2d at 126; see Parker v. Employers Mut. Liab. Ins. Co., 440 S.W.2d 43, 46 (Tex.
1969). 

 To prove causation, the evidence must demonstrate a reasonable medical probability
that the employment caused the illness. Insurance Co. of N. Am. v. Myers, 411 S.W.2d 710, 713
(Tex. 1966). Proof that an injury arose out of an employment is essentially the same as proof of
causation in fact in a negligence suit. Parker, 440 S.W.2d at 45. Whether Gallardo's
employment gave rise to her epiglottitis was the issue Hartford submitted to the trial court in the
summary-judgment proceeding.

 The third argument Hartford offered to support its summary-judgment motion, that
Gallardo failed to prove causation, misplaced Hartford's summary-judgment burden of proof. As
a defendant moving for summary judgment, Hartford was required to do more than rely on
Gallardo's failure to produce evidence: Hartford had to offer evidence that affirmatively negated
the causation element of Gallardo's cause of action. State v. Seventeen Thousand and No/100
Dollars U.S. Currency, 809 S.W.2d 637, 640 (Tex. App.--Corpus Christi 1991, no writ). While
a showing that Gallardo did not prove causation might have entitled Hartford to an instructed
verdict, it does not meet the summary-judgment standard that Hartford establish conclusively that
Gallardo could not prove causation. Garcia v. John Hancock Variable Life Ins. Co., 859 S.W.2d
427, 436 (Tex. App.--San Antonio 1993, writ denied). 

 Gallardo claims that Haemophilus influenzae bacteria contaminated the clinic's
dialysis equipment, that her use of the unsterilized equipment transmitted Haemophilus influenzae
bacteria to her, and that the bacteria then caused her epiglottitis. To negate causation, Hartford
had to conclusively establish either that Haemophilus influenzae bacteria were not present in the
dialysis equipment, and were therefore not transmitted to Gallardo, or that another agent caused
her epiglottitis. Because Hartford's own witness admitted the likelihood that Gallardo's
epiglottitis resulted from Haemophilus influenzae bacteria, the issue of causation reduced to
whether Hartford proved that no Haemophilus influenzae bacteria were present in the clinic's
dialysis equipment. We therefore examine the summary-judgment evidence to determine whether
Hartford conclusively negated a causal link between Gallardo's work and her epiglottitis. (2) 

 In reviewing the trial court's grant of a summary judgment, we apply well-established standards: (1) The movant for summary judgment has the burden to show that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; and (2)
in deciding whether there is a disputed material fact issue precluding summary judgment, we take
evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the
nonmovant, and resolve any doubts in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 To negate Gallardo's allegation that she was exposed to Haemophilus influenzae
bacteria at the clinic, Hartford offered the affidavit of Melinda Carter, head nurse of the Dialysis
Unit of the Austin Diagnostic Clinic. Carter stated that she met Gallardo on May 31, 1988, when
Gallardo was a member of the training class for patient care technicians. Gallardo participated
in the first week of class, but notified the clinic on June 5 that she had been hospitalized and could
not complete the class. Carter affirmed that Gallardo's training class used practice equipment to
learn how to set up a dialysis machine. But Carter asserted that during the training Gallardo did
not come into contact with any patient or staff member who had epiglottitis and that Gallardo was
not exposed to any disease or bacteria carrying a disease that would have caused her epiglottitis. 
Carter also asserted that for a period of months before and after Gallardo's training session, no
patient, trainee, or staff member of the Dialysis Unit reported contracting epiglottitis. 

 Hartford also offered the affidavit of John Dietrich, the doctor who examined
Gallardo in the hospital on June 5, 1988. Dr. Dietrich stated that he recommended an antibiotic
that would be effective against Haemophilus influenzae bacteria, that Gallardo responded well to
the antibiotic, and that she was consequently released from the hospital four days later. He stated
that, while Haemophilus influenzae bacteria can cause epiglottitis, it was impossible for him to
determine where Gallardo came into contact with the bacteria causing her infection. Dr. Dietrich
asserted that the Haemophilus influenzae bacteria was well known to be an ordinary bacteria of
life to which the general public can be exposed. 

 Hartford attached to its summary-judgment motion a workers' compensation claim
form that Gallardo signed on April 20, 1990. On this form, Gallardo stated that she contracted
the Haemophilus influenzae bacteria and subsequent epiglottitis on February 8, 1988, while
working for the Driscoll Hospital in Corpus Christi. At a deposition, however, Gallardo stated
that she filed the claim because Hartford had alleged that she contracted the illness at the Driscoll
Hospital. This summary-judgment evidence presents no more than a disputed issue of fact.

 Hartford argues that the summary judgment is supported by Melinda Carter's
affidavit testimony that Gallardo was not exposed to any disease or bacteria in the Dialysis Unit
that would have caused her epiglottitis. When Gallardo objected in the trial court that Carter was
not qualified as an expert, the court ruled that Carter's testimony was offered as that of a fact
witness rather than an expert witness. 

 Assuming that Carter's testimony was within her competence as a fact witness, her
statement that Gallardo was not exposed to any bacteria causing epiglottitis is conclusory only. 
See Tex. R. Civ. P. 166a(f) (affidavits must set forth facts admissible in evidence); Gensco, Inc.
v. Canco Equipment, Inc., 737 S.W.2d 345, 348-49 (Tex. App.--Amarillo 1987, no writ)
(conclusory testimony is inadmissible in evidence). Testimony that a particular strain of bacteria
is present at a worksite must be based on an analysis of samples from the site that is sensitive
enough to detect that specific strain. Schaefer, 612 S.W.2d at 203-04. Testimony that merely
assumes the presence of a strain of bacteria without analysis does not establish the bacteria's
presence. Id. If proof that particular bacteria are present requires technical analysis, then proof
that particular bacteria are absent from a worksite must also depend on an analysis of samples
taken from the site. Carter's statement that Gallardo was exposed to no bacteria that would have
caused her illness lacks evidentiary support and merely raises a fact issue; it is therefore
insufficient to prove the absence of Haemophilus influenzae bacteria from the clinic. 

 The statement in Carter's affidavit that Gallardo was not exposed to any disease in
the clinic that would have caused her illness, even if true, does not exclude the possibility that
Haemophilus influenzae bacteria were present in the dialysis equipment and transmitted to
Gallardo without having caused disease in other people. Carter's further statements that Gallardo
did not have contact with any person at the clinic who had epiglottitis and that no trainee, staff
member, or patient reported contracting epiglottitis during the months before and after Gallardo's
training do not fully rebut Gallardo's claim that contaminated equipment transmitted Haemophilus
influenzae bacteria to her; even if true, these statements do not exclude the possibility that a
person at the clinic unknowingly carried and transmitted latent Haemophilus influenzae bacteria
to the dialysis equipment. That other people in the clinic did not contract epiglottitis may lessen
the probability that Gallardo contracted it there, but does not conclusively prove that she did not. 
Carter's affidavit therefore fails to negate the element of causation.

 Hartford also relies on the affidavit of Dr. Dietrich, in which he testifies that it was
impossible for him to determine where Gallardo came into contact with Haemophilus influenzae
bacteria. While Dr. Dietrich's inability to determine the point of contact shows that proving
causation would be difficult, it does not affirmatively eliminate Gallardo's employment as the
source of her bacterial infection. As discussed above, Dr. Dietrich's statement that the
Haemophilus influenzae bacteria is an ordinary bacteria of life does not contribute to a
determination of whether Gallardo's employment caused her epiglottitis. Hartford also relies on
testimony from Gallardo's depositions and answers to interrogatories that no doctor had ever told
her that she contracted Haemophilus influenzae bacteria through her work at the clinic. As with
Dr. Dietrich's testimony, this testimony proves only that Gallardo failed to prove causation, not
that Hartford negated it. 

 Having reviewed the summary-judgment evidence, we conclude that Hartford failed
to conclusively negate the element of causation. We therefore sustain point of error one. Our
disposition of this point renders consideration of the remaining points unnecessary.

 We reverse the judgment of the trial court and remand the cause for trial.


Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: June 1, 1994

Do Not Publish
1. Epiglottitis is an inflammation of the epiglottis, a thin plate of cartilage that covers the
larynx during swallowing. Webster's Third New International Dictionary 763 (Philip B. Gove
ed., 1986).
2. On appeal, Hartford relies on the records of two proceedings before the Texas Workers'
Compensation Commission. Although these records were on file with the trial court, Hartford
did not refer to them in its First Amended Motion for Summary Judgment. Hartford is therefore
not entitled to rely on these records to support the summary judgment on appeal. Cuellar v. City
of San Antonio, 821 S.W.2d 250, 252 (Tex. App.--San Antonio 1991, writ denied); Stewart v.
United States Leasing Corp., 702 S.W.2d 288, 290 (Tex. App.--Houston [1st Dist.] 1985, no
writ).