TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00573-CV







Mary A. Bryan, Individually and as next friend of Stacey Arlene Bryan 

and Jay Russell Bryan, Minors, Appellants


v.



Zenith Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-02417, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING








 Appellants Mary A. Bryan and her children, Stacey Arlene Bryan and Jay Russell
Bryan, (together "the Bryans") applied for survivors' benefits through the Texas Workers'
Compensation Commission ("TWCC") after James Bryan, Mary's husband, suffered a fatal heart
attack while working for Colcom, Inc. ("Colcom"). After the TWCC denied benefits, the Bryans
filed suit in district court against appellee Zenith Insurance Company ("Zenith"), Colcom's workers'
compensation insurance carrier. The district court rendered judgment in favor of Zenith that the
Bryans take nothing by their suit. The Bryans appeal the judgment, claiming that (1) the district
court erred in excluding certain evidence at trial and (2) the judgment was against the great weight
and preponderance of the evidence. We will affirm the district court's judgment. 

FACTUAL AND PROCEDURAL BACKGROUND At the time of his heart attack, James Bryan ("Bryan") worked as a cable locator for
Colcom. His job was to inspect sites for buried cable lines. He would then use spray paint or chalk
to mark on the ground the location of any lines that might be subject to damage by construction on
the site. To protect against liability for damaged lines, Colcom employees were instructed to record
on video the markings they had made. On December 5, 1996, Bryan went to the Ritchie construction
site ("Ritchie site") and inspected it for lines. At the site, he located lines that could be damaged by
construction and marked them. While driving to his next inspection site, Bryan suffered a fatal heart
attack.

 After Bryan's death, a Colcom employee collected the company equipment that was
in Bryan's vehicle. Included were two videotapes, one of which was found in the camera assigned
to Bryan. The tapes were delivered to Johnny Robinson, Colcom's general manager. After review,
Robinson determined that the tape in the camera contained recordings of work Bryan had performed
before the day of his heart attack, and the other tape contained recordings of Bryan's work performed
the previous September.

 Lanell Kipp, a dispatcher at Colcom, testified that a few days after Bryan's death she
was working at her desk when she heard "very heavy breathing" coming from Robinson's office,
which was next door. She entered the office and saw LaShawna McCoy watching a videotape,
which McCoy identified as Bryan's "last tape." Approximately a year later, the Bryans learned
through other Colcom employees of the tape McCoy and Kipp viewed. They then filed their benefits
claim with the TWCC and requested a copy of the videotape from Colcom. Colcom responded by
informing the Bryans that Colcom would provide them with the tape only when ordered by
subpoena. After filing this suit, the Bryans subpoenaed the videotape, and Colcom copied the tape
taken from Bryan's car and provided the copy to the Bryans. The Bryans contend that the copy given
to them was either edited or was the incorrect tape because it did not include the heavy breathing
described by Kipp. Zenith claimed that the tape given to the Bryans was "a true copy of the tape"
found in the camera in Bryan's truck.

 The Bryans filed a claim with the TWCC seeking survivor's benefits, arguing that
Bryan's heart attack was a compensable injury under section 408.008 of the labor code. See Tex.
Lab. Code Ann. § 408.008 (West 1996). The Bryans sought a benefit review conference. See id.
§ 410.021 (benefit review conference is nonadversarial proceeding designed to resolve worker's
compensation disputes). The benefit review officer held that Bryan's heart attack was not
compensable under section 408.008 of the code. See id. § 408.008. The Bryans then requested a
contested case hearing. See id. § 410.151 (permitting decision of benefit review officer to be
reviewed by contested case hearing officer). Their claim was again denied, and they appealed to an
appeals panel. See id. §§ 410.169-.203 (allowing claimant to appeal decision of contested case
hearing to panel of three hearing officers). The appeals panel remanded the case, finding that there
was an abuse of discretion by the contested case hearing officer in denying a motion for continuance
to allow time for proper discovery. On remand, the contested case hearing officer again found that
Bryan's heart attack was not a compensable injury. The Bryans again appealed, but this time the
appeals panel affirmed the decision. The Bryans then brought this suit for judicial review in the
district court. See id. § 410.251 (allowing aggrieved claimant to seek judicial review of final
decision of appeals panel). 

 The Bryans sought to introduce Kipp's testimony regarding the videotape allegedly
made by Bryan on the day of his death and argue that the actual videotape had been destroyed
because it was never produced by Colcom or Zenith. In a pretrial hearing, Zenith moved that Kipp's
testimony concerning the videotape, as well as evidence of the spoliation of the videotape, be
excluded from trial, and the motion was granted. The district court rendered judgment for Zenith,
finding that Bryan's heart attack was not compensable under the labor code. The Bryans appeal by

three issues.


DISCUSSION


Exclusion of Evidence

 By their first two issues, the Bryans argue that exclusion of Kipp's testimony and
evidence of the spoliation of the videotape made by Bryan constitute harmful error. (1) The exclusion
of evidence is left to the sound discretion of the trial court; therefore, the trial court's decision to
exclude such evidence is reviewed under an abuse-of-discretion standard. City of Brownsville v.
Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Waldrep v. Texas Employers Ins. Ass'n, 21 S.W.3d
692, 703 (Tex. App.--Austin 2000, pet. denied). A court abuses its discretion only when it acts in
an unreasonable and arbitrary manner or when it acts without reference to any guiding principles. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). One such guiding principle is
that all relevant evidence is admissible unless its probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury. See Tex. R. Evid. 402,
403. Evidence is relevant if it has "any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it would be
without the evidence." Id. 401. If a party objects to evidence on the grounds that it is unfairly
prejudicial, the trial court must conduct a balancing test, weighing the dangers of prejudice against
the probative value of the evidence. Waldrep, 21 S.W.3d at 703; see McLellan v. Benson, 877
S.W.2d 454, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). Even if the trial court's decision
to exclude evidence constitutes error, "[t]he exclusion of the evidence ordinarily does not constitute
reversible error unless the complaining party can demonstrate that the whole case turns on the
excluded evidence." Porter v. Nemir, 900 S.W.2d 376, 381 (Tex. App.--Austin 1995, no writ).


 A. Kipp's testimony

 The Bryans first assert that the district court erred in excluding Kipp's testimony. In
a deposition, Kipp stated that a few days after Bryan's heart attack she heard heavy breathing on a
videotape being played by McCoy, another Colcom employee. The Bryans sought to introduce
Kipp's testimony of Bryan's heavy breathing on the tape as evidence that his physical exertion on
the Ritchie site was a substantial cause of his heart attack.

 However, Kipp admitted that she did not know the day on which the tape was made. 
Furthermore, no person testified to the existence of a December 5, 1996 tape. In fact, McCoy
testified that she later matched Bryan's work records with the videotape from Bryan's camera and
determined that the recordings were from days prior to the day of Bryan's death. Thus, the district
court could have reasonably determined that Kipp's testimony concerning whether the tape was in
fact Bryan's last tape could have confused the trier of fact, misleading it to believe that the "last
tape" referred to by Kipp was made on the day of Bryan's death when in fact the evidence indicates
otherwise.

 In addition, although Kipp stated that there was heavy breathing on the tape, McCoy,
who viewed locator tapes regularly, concluded that the breathing was "no more labored than all the
other tapes" that she watched of other locators videotaping their work. Two other Colcom
employees likewise testified that the breathing on the tape was not abnormal. We therefore hold that
the district court did not abuse her discretion in determining that the danger of unfair prejudice
substantially outweighed the probative value of the testimony of Kipp. See Tex. R. Evid. 403.


 B. Spoliation of the Evidence

 The Bryans also contend that the district court erred in excluding evidence of the
spoliation of a videotape made by Bryan before his death. Spoliation is the improper destruction of
evidence. Whiteside v. Watson, 12 S.W.3d 614, 621, (Tex. App.--Eastland 2000, pet. denied.). If
we accept as true the Bryans' allegations of spoliation, we must assume that Bryan's work at the
Ritchie site on December 5 was recorded on the videotape. See Watson v. Brazos Elec. Power
Coop., 918 S.W.2d 639, 643 (Tex. App.--Waco 1996, writ denied). However, we held that the
Bryans have failed to prove that Bryan's December 5 activities were videotaped. Furthermore,
without evidence in the record to indicate what happened to a December 5 videotape, we would also
have to assume that because Colcom was in possession of the tape, a Colcom employee somehow
destroyed, edited, or hid the tape and replaced it with an earlier tape made by Bryan. See Lively v.
Blackwell, No. 12-00-00004-CV, slip op. at 14 (Tex. App.--Tyler Jan. 31, 2001, pet. filed). These
assumptions would require this Court to make a lengthy chain of inferences, which we are unwilling
to do without some actual proof of spoliation. See Hight v. Dublin Veterinary Clinic, 22 S.W.3d
614, 619 (Tex. App.--Eastland 2000, pet. denied). (2)

 Zenith, on the other hand, has provided a reasonable explanation for why the
employees at Colcom might have mistakenly believed that a December 5 videotape by Bryan existed. 
A videotape was removed from the camera in Bryan's truck after his death, and one could reasonably
assume that it may have contained a recording of Bryan's work from that day. The Ritchie site was
indeed marked, and Colcom policy requires cable locators to videotape their markings. However,
after matching the work records with the tape, Colcom concluded that the tape was actually a
recording of work done on prior days and that Bryan had not recorded his work on the day of his
heart attack. 

 Allegations that a party destroyed evidence can have a negative and highly prejudicial
affect on that party in the course of the trial. Lively, No. 12-00-00004-CV, slip op. at 14. Where the
basis for an accusation of spoliation is supported by evidence in the record, the trial court may use
its discretion to determine whether or not a presumption of spoliation is justified. See Miller v.
Stout, 706 S.W.2d 785, 787-88 (Tex. App.--San Antonio 1986, no writ). However, when the only
basis for the accusation is speculation, and where a reasonable explanation can be given for the
missing evidence, the accusation of spoliation can severely tarnish the accused party's credibility in
court. Lively, No. 12-00-00004-CV, slip op. at 14; Wal-Mart Stores, Inc. v. Middleton, 982 S.W.2d
468, 471 (Tex. App.--San Antonio 1998, pet. denied). In such circumstances, it is proper to exclude
evidence of alleged spoliation so as not to unfairly prejudice a party to the suit. Id. at 14; see Tex.
R. Evid. 403. We therefore conclude that the district court did not abuse her discretion in excluding
evidence of spoliation. The Bryans' second issue is overruled.


Sufficiency of the Evidence


 By their third issue, the Bryans argue that the judgment of the district court that
Bryan's heart attack is not a compensable injury under section 408.008 of the labor code is contrary
to the great weight and preponderance of the evidence. See Tex. Lab. Code Ann. § 410.303.

 When reviewing the factual sufficiency of the evidence to support a finding on which
the appellant had the burden of proof at trial, we must consider and weigh all the evidence and
should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Old Republic Ins.
Co. v. Warren, 33 S.W.3d 428, 434 (Tex. App.--Fort Worth 2000, pet. denied). Determining the
credibility of the witnesses and how much weight to give the evidence is within the sole discretion
of the trial court, and this Court will not interfere with how the trial court weighed the evidence
presented. PGP Gas Prods., Inc. v. Reserve Equip., Inc., 667 S.W.2d 604, 608 (Tex. App.--Austin
1984, writ ref'd n.r.e.). Even when the evidence presented at trial is conflicting, we generally defer
to the judgment of the trier of fact on such evidence. Schneider v. Schneider, 5 S.W.3d 925, 931
(Tex. App.--Austin 1999, no pet.). 

 After reviewing the record, we hold that there was sufficient evidence to support the
district court's finding that Bryan's heart attack is not a compensable injury under section 408.008
of the labor code. The record indicates that Bryan had a significantly enlarged heart and a history
of heart disease before his heart attack. He had a ninety-percent blockage in one artery. He regularly
smoked at least a pack of cigarettes a day and had done so for the better part of twenty-seven years. 
However, pre-existing conditions like diseased arteries or a long history of high blood pressure do
not inherently preclude workers' compensation benefits in a heart-attack case. Mueller v. Charter
Oak Fire Ins. Co., 533 S.W.2d 123, 125 (Tex. Civ. App.--Tyler 1976, writ ref'd n.r.e.); see also
Pacific Employers Ins. Co. v. Solomon, 488 S.W.2d 189, 191 (Tex. Civ. App.--Texarkana 1972,
writ ref'd n.r.e.). 

 In order for the heart attack to be a compensable injury, the Bryans must prove that
"the preponderance of the medical evidence regarding the attack indicates that the employee's work
rather than the natural progression of a preexisting heart condition or disease was a substantial
contributing factor of the attack." Tex. Lab. Code Ann. § 408.008. It is undisputed that Bryan was
engaged in locating cables on the Ritchie site on the morning of his death. Another Colcom cable
locator testified that the site had a number of cable conflicts that Bryan marked, from which it can
be inferred that he did a significant amount of walking on the property. However, the Bryans had
no further evidence to prove that he was indeed over-exerting himself or was under strain while
performing the cable locations. 

 Medical experts testifying for the Bryans and Zenith disagreed as to whether the heart
attack was caused by Bryan's work on the Ritchie site or by the naturally progressing heart condition. 
The Bryans' expert witness testified that "death in this case was more a consequence of a blockage
and activity, rather than the natural progression of the disease." Zenith's expert witness testified that
Bryan's progression of heart disease "predisposed him to sudden death," which could have occurred
"without precipitating stress factors" like strenuous physical activity. However, both expert
witnesses agreed that the heart disease was a "major factor" in the heart attack. Because the
testimony is in conflict, we will defer to the district court's judgment in weighing the credibility of
each expert witness and making a decision accordingly. See PGP Gas Prods. Inc., 667 S.W.2d at
608.

 After a thorough review of the record, we determine that the district court could have
reasonably concluded that there was not sufficient evidence to prove that Bryan's employment
caused the heart attack. See Monks v. Universal Underwriters Ins. Co., 425 S.W.2d 431, 434 (Tex.
Civ. App.--Tyler 1968, writ ref'd n.r.e.). The Bryans' third issue is therefore overruled.


CONCLUSION

 Having overruled all of the Bryans' issues, we affirm the judgment of the district
court. 



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Powers.* 

Affirmed

Filed: June 7, 2001

Do Not Publish





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Zenith argues that the Bryans waived the asserted error because they did not make timely
offers of proof. We will assume that the Bryans did not waive such error and consider the Bryans'
argument. 
2. We do not address whether spoliation of evidence by Colcom, if proved, could properly be
introduced against Zenith in support of the Bryans' worker's compensation claim. 



ne so for the better part of twenty-seven years. 
However, pre-existing conditions like diseased arteries or a long history of high blood pressure do
not inherently preclude workers' compensation benefits in a heart-attack case. Mueller v. Charter
Oak Fire Ins. Co., 533 S.W.2d 123, 125 (Tex. Civ. App.--Tyler 1976, writ ref'd n.r.e.); see also
Pacific Employers Ins. Co. v. Solomon, 488 S.W.2d 189, 191 (Tex. Civ. App.--Texarkana 1972,
writ ref'd n.r.e.). 

 In order for the heart attack to be a compensable injury, the Bryans must prove that
"the preponderance of the medical evidence regarding the attack indicates that the employee's work
rather than the natural progression of a preexisting heart condition or disease was a substantial
contributing factor of the attack." Tex. Lab. Code Ann. § 408.008. It is undisputed that Bryan was
engaged in locating cables on the Ritchie site on the morning of his death. Another Colcom cable
locator testified that the site had a number of cable conflicts that Bryan marked, from which it can
be inferred that he did a significant amount of walking on the property. However, the Bryans had
no further evidence to prove that he was indeed over-exerting himself or was under strain while
performing the cable locations. 

 Medical experts testifying for the Bryans and Zenith disagreed as to whether the heart
attack was caused by Bryan's work on the Ritchie site or by the naturally progressing heart condition. 
The Bryans' expert witness testified that "death in this case was more a consequence of a blockage
and activity, rather than the natural progression of the disease." Zenith's expert witness testified that
Bryan's progression of heart disease "predisposed him to sudden death," which could have occurred
"without precipitating stress factors" like strenuous physical activity. However, both expert
witnesses agreed that the heart disease was a "major factor" in the heart attack. Because the
testimony is in conflict, we will defer to the district court's judgment in weighing the credibility of
each expert witness and making a decision accordingly. See PGP Gas Prods. Inc., 667 S.W.2d at
608.

 After a thorough review of the record, we determine that the district court could have
reasonably concluded that there was not sufficient evidence to prove that Bryan's employment
caused the heart attack. See Monks v. Universal Underwriters Ins. Co., 425 S.W.2d 431, 434 (Tex.
Civ. App.--Tyler 1968, writ ref'd n.r.e.). The Bryans' third issue is therefore overruled.


CONCLUSION

 Having overruled all of the Bryans' issues, we affirm the judgment of the district
court. 



 

 Lee Yeakel, Justice

Before Justices Yeakel, Patterson and Powers.* 

Affirmed

Filed: June 7, 2001

Do Not Publish





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Zenith argues that the Bryans waived the asserted error because they did not make timely
offers of proof. We will assume that the Bryans did not waive such error and consider the Bryans'
argument. 
2. We do not address whether spoliation of evidence by Colcom, if proved, could properly be
introduced against Zenith in support of the Bryans' worker's compensation claim. 



ne so for the better part of twenty-seven years. 
However, pre-existing conditions like diseased arteries or a long history of high blood pressure do
not inherently preclude workers' compensation benefits in a heart-attack case. Mueller v. Charter
Oak Fire Ins. Co., 533 S.W.2d 123, 125 (Tex. Civ. App.--Tyler 1976, writ ref'd n.r.e.); see also
Pacific Employers Ins. Co. v. Solomon, 488 S.W.2d 189, 191 (Tex. Civ. App.--Texarkana 1972,
writ ref'd n.r.e.). 

 In order for the heart attack to be a compensable injury, the Bryans must prove that
"the preponderance of the medical evidence regarding the attack indicates that the employee's work
rather than the natural progression of a preexisting heart condition or disease was a substantial
contributing factor of the attack." Tex. Lab. Code Ann. § 408.008. It is undisputed that Bryan was
engaged in locating cables on the Ritchie site on the morning of his death. Another Colcom cable
locator testified that the site had a number of cable conflicts that Bryan marked, from which it can
be inferred that he did a significant amount of walking on the property. However, the Bryans had
no further evidence to prove that he was indeed over-exerting himself or was under strain while
performing the cable locations. 

 Medical experts testifying for the Bryans and Zenith disagreed