TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00048-CV







Mary A. Bryan, Individually and as Next Friend of Stacey Arlene Bryan

and Jay Russell Bryan, Minors, Appellant



v.




Zenith Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-02417-A, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING







 Appellant Mary A. Bryan, individually and representing her children, Stacey Arlene
Bryan and Jay Russell Bryan, applied for survivor's benefits under the Texas Workers'
Compensation Act after James R. Bryan suffered a fatal heart attack on the job. The appellee, Zenith
Insurance Company, denied the claim. Mary Bryan filed suit alleging that Zenith violated the duty
of good faith and fair dealing in failing to settle her claim under common law and article 21.21 of
the Texas Insurance Code. See Tex. Rev. Civ. Stat. Ann. art. 21.21, § 4(10)(a) (West Supp. 2001). 
The district court rendered summary judgment in favor of Zenith. Mary Bryan appeals. We will
affirm the district court's judgment.


BACKGROUND

 James Bryan worked for Colcom, Inc. Although he had previously worked in a
sedentary position as a supervisor, his job duties recently changed, and at the time of his death he
was a cable line locator. The job required him to walk through construction sites locating cable lines
that were in danger of being cut during construction. He used electrical sensing equipment to
determine where the lines were buried and marked the route of the cable with spray paint. He then
recorded his markings on videotape.

 On December 5, 1996, James Bryan went to locate cables at a site on Ritchie Street
in Austin, Texas. The site ran along the side of a ridge, the length of a residential project. The cable
lines that were in danger of being cut by construction traveled up and down the side of the ridge. 
Testimony indicated that the terrain would be quite physically demanding for a locator. After
completing his inspection, James Bryan left the site in a company truck. Before reaching the next
site, he suffered a fatal heart attack and was pronounced dead at the scene.

 Dr. Robert J. Bayardo, M.D., the Chief Medical Examiner for Travis County,
conducted an autopsy. Dr. Bayardo found that long-term heart disease caused the attack. James
Bryan had an enlarged heart and severe blockage of the arteries, one of which was ninety percent
blocked. Dr. Bayardo concluded the heart attack was caused by a cardiac arrhythmia (an irregular
heartbeat), which was the result of severe, pre-existing coronary atherosclerosis.

 Zenith had issued a workers' compensation insurance policy to Colcom, James
Bryan's employer. The day after James Bryan's death, Zenith received the Employer's First Report
of Injury or Illness as notice of the death. Three days later, Zenith received the autopsy report. On
December 18, 1996, Zenith decided to deny coverage of any claim for workers' compensation
benefits, relying on the Chief Medical Examiner's conclusion that pre-existing heart disease caused
the death. Zenith sent Mary Bryan a Notice of Refused or Disputed Claim, which denied
compensability for the heart attack.

 Months later, Mary Bryan received information that Colcom allegedly possessed a
videotape that James Bryan made as he performed his duties on the day of his death. On December
3, 1997, Mary Bryan wrote Zenith to notify it of this information. Zenith attempted to obtain the
alleged tape but was told by Colcom that no such tape existed. Zenith then sought second and third
medical opinions from Dr. Brian C. Buck and Dr. Russell Austin Encke. Based on the autopsy
report, each doctor confirmed that the evidence established that heart disease caused the heart attack,
not exertion.

 Mary Bryan sought review of the denial of her workers' compensation claim through
the administrative process with the Texas Workers' Compensation Commission. The death was held
to be not compensable following a Benefit Review Conference, a Benefit Contested Case Hearing,
and an appeal to the Appeals Panel. Texas Workers' Compensation Comm'n, Bryan v. Zenith Ins.
Co., Docket No. AU-97-098472-02-CC-SA42 (Jan. 22, 1999). Mary Bryan then filed suit in district
court seeking judicial review of the final administrative decision on the workers' compensation
claim. In district court, Mary Bryan added a claim of bad faith directed against Zenith regarding its
claims-handling procedure. The bad faith claim was severed. A trial on the merits of the workers'
compensation claim was conducted. The trial court rendered judgment in favor of Zenith, and this
Court affirmed. Bryan v. Zenith Ins. Co., No. 03-00-00573-CV, 2001 Tex. App. LEXIS 3726, at *1 
(Tex. App.--Austin June 7, 2001) (not designated for publication). 

 In the meantime, Mary Bryan proceeded with her claims of common-law bad faith
and statutory bad faith based on article 21.21 of the Texas Insurance Code. See Tex. Rev. Civ. Stat.
Ann. art. 21.21, § 4(10)(a). On October 6, 2000, the trial court rendered summary judgment in favor
of Zenith. The trial court did not specify its grounds. On appeal, Mary Bryan alleges that granting
summary judgment was error whether the court relied on limitations or non-limitations grounds. She
argues that the judgment in the underlying case, holding that the workers' compensation claim was
not covered by the policy, does not bar her claim that Zenith acted in bad faith in its claims-handling
practices. 


DISCUSSION The standards for reviewing a motion for summary judgment are well established: 
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will
be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985). The function of summary judgment is not to deprive litigants of the right to trial by jury, but
to eliminate "patently unmeritorious claims or untenable defenses." Swilley v. Hughes, 488 S.W.2d
64, 68 (Tex. 1972) (citation omitted). The propriety of summary judgment is a question of law;
therefore, we review the trial court's decision de novo. See Texas Dep't of Ins. v. American Home
Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.).

 Workers' compensation carriers have a duty of good faith and fair dealing in the
processing of compensation claims. Aranda v. Insurance Co. of N. Am., 748 S.W.2d 210, 215 (Tex.
1988); Arnold v. National County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987). The
common-law duty arises as a result of the special relationship between the insurer and the insured. 
Arnold, 725 S.W.2d at 167. The insurer's statutory duty is mandated and defined in article 21.21,
section 4 of the Texas Insurance Code, which provides:


Sec. 4. The following are hereby defined as unfair methods of competition and
unfair and deceptive acts or practices in the business of insurance: 


 . . . .


(10) Unfair Settlement Practices. (a) Engaging in any of the following unfair
settlement practices with respect to a claim by an insured or beneficiary:


 . . . .


 (ii) failing to attempt in good faith to effectuate a prompt, fair, and
equitable settlement of a claim with respect to which the insurer's
liability has become reasonably clear;


 . . . .


 (viii) refusing to pay a claim without conducting a reasonable investigation
with respect to the claim; . . . .



Tex. Rev. Civ. Stat. Ann. art. 21.21, § 4(10)(a). Section 16 of article 21.21 creates a private right
of action for violations of section 4(10)(a)(ii). See Tex. Rev. Civ. Stat. Ann. art. 21.21, § 16 (West
Supp. 2001); Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 55 (Tex. 1997).

 The Texas Supreme Court adopted the "reasonably clear" standard found in article
21.21 as the standard for common-law bad faith in Giles. See Tex. Rev. Civ. Stat. Ann. art. 21.21,
§ 4(10)(a)(ii); Giles, 950 S.W.2d at 55-56. Thus, under both statutory and common-law bad faith
inquiries, an insurance company is liable if it knew or should have known that it was reasonably
clear that the claim was covered. Giles, 950 S.W.2d at 56; see also Aranda, 748 S.W.2d at 213
(stating former "no reasonable basis" standard for common-law bad faith). The court unified the
standards for manageability and clarity. Giles, 950 S.W.2d at 55-56.

 Mary Bryan alleges that Zenith violated this duty of good faith and fair dealing, both
under statute and common law. However, applying the standard announced in Giles, the record does
not indicate that workers' compensation coverage for James Bryan's death was reasonably clear
when Zenith denied the claim. See id. Zenith based its original denial on the autopsy report from
the Chief Medical Examiner, which cited heart disease as the cause of death. Zenith sought a second
medical opinion from Dr. Buck. He reviewed the autopsy report and concluded in his report, issued
on April 22, 1998, that the cause of death was severe and long-standing coronary atherosclerosis. 
Dr. Buck concluded that James Bryan's heart attack was caused by "the progression of the
atherosclerosis and not exertion." Zenith sought a third medical opinion from a board certified
internist and cardiologist, Dr. Encke. He reviewed the medical reports and agreed that the evidence
established that the heart attack resulted from the natural progression of a pre-existing heart
condition. These medical opinions provided a reasonable basis for Zenith's conclusion that James
Bryan's heart attack was the result of the natural progression of his disease instead of any work-related event. Thus, there can be no claim that liability was reasonably clear, as required for a
holding of bad faith.

 Mary Bryan argues, however, that evidence of heart disease alone does not prove that
the denial was reasonable and not in bad faith. Section 408.008(2) of the Texas Labor Code provides
for compensability of a heart attack if "the preponderance of the medical evidence regarding the
attack indicates that the employee's work rather than natural progression of a pre-existing heart
condition or disease was a substantial contributing factor of the attack." Tex. Lab. Code Ann.
§ 408.008(2) (West 1996); accord Mueller v. Charter Oak Fire Ins. Co., 533 S.W.2d 123, 125 (Tex.
Civ. App.--Tyler 1976, writ ref'd n.r.e.) (holding pre-existing heart condition will not preclude
compensation). Mary Bryan alleges that, in light of the physical exertion James Bryan suffered on
the day of his death, coverage under the policy was reasonably clear, or would have been upon
investigation of the issue, and therefore the denial was in bad faith.

 Viewing the Giles bad-faith standard and the Texas Labor Code's heart attack
standard together, a claim of bad faith must allege that it was reasonably clear that a preponderance
of the medical evidence indicated that work caused the heart attack. See Tex. Lab. Code Ann.
§ 408.008(2); Giles, 950 S.W.2d at 56. In the instant case, all of the medical evidence obtained by
Zenith, consisting of an autopsy report and the reports of the two doctors, indicated that the heart
attack resulted from a natural progression of heart disease. We conclude Mary Bryan has not raised
a genuine issue of material fact as to whether a "preponderance of the medical evidence" pointed to
the employee's work as the substantial factor causing James Bryan's heart attack.

 Although liability must be reasonably clear before an insurer's denial is deemed in
bad faith, Mary Bryan correctly adds that insurers have a duty to properly investigate claims. See
Giles, 950 S.W.2d at 56. Insurers may not neglect investigation so as to prevent liability from ever
becoming reasonably clear. See id. An insurance company breaches its duty of good faith and fair
dealing by failing to reasonably investigate the claim. Id.; see also Arnold, 725 S.W.2d at 167. 
Article 21.21 includes the following as an unfair settlement practice in section 4(10)(a)(viii): 
"refusing to pay a claim without conducting a reasonable investigation with respect to the claim." 
Tex. Rev. Civ. Stat. Ann. art. 21.21, § 4(10)(a)(viii).

 Mary Bryan argues that Zenith failed to satisfy this duty to properly investigate. 
Specifically, Mary Bryan argues that Zenith failed to investigate the issue of James Bryan's physical
exertion on the day of his death by not obtaining the alleged videotape from Colcom or other related
evidence. She believes this information was both crucial and neglected.

 Zenith, however, contends in its brief that it requested the tape from Colcom but was
never furnished it. In fact, Colcom has steadfastly denied that the videotape existed. We examined
this issue in some detail in our prior opinion in the workers' compensation case. Bryan, 2001 Tex.
App. LEXIS 3726, at *8. This Court concluded that "no person testified to the existence of a
December 5, 1996 tape." Id. In fact, we noted that a Colcom employee testified that she matched
James Bryan's work records with the videotape from his camera and determined that any relevant
recordings were from days prior to the day of James Bryan's death. Id. Thus, the trial court correctly
concluded as a matter of law that Zenith could not have acted in bad faith by failing to procure a
videotape that was never shown to exist. 

CONCLUSION

 The supreme court expressed in Giles the appropriate reluctance courts should have
in dispensing with bad faith claims on summary judgment. See Giles, 950 S.W.2d at 56. However,
here appellant presents no genuine issue of material fact. See id. The medical documentation of
James Bryan's heart disease is undisputed. Mary Bryan offers no evidence suggesting that Zenith's
liability was reasonably clear nor evidence suggesting that Zenith failed in its duty to investigate. 
Accordingly, we hold that Zenith disproved it acted in bad faith under common law or article 21.21. 
We affirm the district court's summary judgment in Zenith's favor. (1)



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: July 26, 2001

Do Not Publish

1. Because we affirm the summary judgment on other grounds, we need not address the statute
of limitations as raised by Zenith in relation to Mary Bryan's claims. See Tex. R. App. P. 47.1.


ned by
Zenith, consisting of an autopsy report and the reports of the two doctors, indicated that the heart
attack resulted from a natural progression of heart disease. We conclude Mary Bryan has not raised
a genuine issue of material fact as to whether a "preponderance of the medical evidence" pointed to
the employee's work as the substantial factor causing James Bryan's heart attack.

 Although liability must be reasonably clear before an insurer's denial is deemed in
bad faith, Mary Bryan correctly adds that insurers have a duty to properly investigate claims. See
Giles, 950 S.W.2d at 56. Insurers may not neglect investigation so as to prevent liability from ever
becoming reasonably clear. See id. An insurance company breaches its duty of good faith and fair
dealing by failing to reasonably investigate the claim. Id.; see also Arnold, 725 S.W.2d at 167. 
Article 21.21 includes the following as an unfair settlement practice in section 4(10)(a)(viii): 
"refusing to pay a claim without conducting a reasonable investigation with respect to the claim." 
Tex. Rev. Civ. Stat. Ann. art. 21.21, § 4(10)(a)(viii).

 Mary Bryan argues that Zenith failed to satisfy this duty to properly investigate. 
Specifically, Mary Bryan argues that Zenith failed to investigate the issue of James Bryan's physical
exertion on the day of his death by not obtaining the alleged videotape from Colcom or other related
evidence. She believes this information was both crucial and neglected.

 Zenith, however, contends in its brief that it requested the tape from Colcom but was
never furnished it. In fact, Colcom has steadfastly denied that the videotape existed. We examined
this issue in some detail in our prior opinion in the workers' compensation case. Bryan, 2001 Tex.
App. LEXIS 3726, at *8. This Court concluded that "no person testified to the existence of a
December 5, 1996 tape." Id. In fact, we noted that a Colcom employee testified that she matched
James Bryan's work records with the videotape from his camera and determined that any relevant
recordings were from days prior to the day of James Bryan's death. Id. Thus, the trial court correctly
concluded as a matter of law that Zenith could not have acted in bad faith by failing to procure a
videotape that was never shown to exist. 

CONCLUSION

 The supreme court expressed in Giles the appropriate reluctance courts should have
in dispensing with bad faith claims on summary judgment. See Giles, 950 S.W.2d at 56. However,
here appellant presents no genuine issue of material fact. See id. The medical documentation of
James Bryan's heart disease is undisputed. Mary Bryan offers no evidence suggesting that Zenith's
liability was reasonably clear nor evidence suggesting that Zenith failed in its duty to investigate. 
Accordingly, we hold that Zenith disproved it acted in bad faith under common law or article 21.21. 
We affirm the district court's summary judgment in Zenith's favor. (1)